# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | | |
|---|---|---|
| HERMAN PAUL MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV622-005 |
| | ) | |
| LAYLA H. ZON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Herman Paul Morgan filed this 42 U.S.C. § 1983 action against Layla H. Zon, a Georgia Superior Court judge[1] and former prosecutor. *See generally* doc. 1. The Court granted him leave to pursue this case *in forma pauperis*. Doc. 5. He returned the required forms. Docs. 6 & 7. The Court, therefore, proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.

---

[1] Morgan does not specifically allege Judge Zon's jurisdiction. He does however allege that she is a judge in Newton County, Georgia. *See* doc. 1 at 4. The official website of the Alcovy Judicial Circuit, which includes Newton and Walton Counties, *see* O.C.G.A. § 15-6-1(2), identifies Layla H. Zon as a Superior Court Judge. *See* Alcovy Judicial Circuit, *Judges and Staff* (2022), https://www.alcovycircuit.com/courts/superior-courts/walton-superior-court/46-courts/superior-courts/newton-county-superior-court/93-judges-and-staff.html (last visited June 7, 2022).

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Morgan's claims relate to his 2019-2020 indictment, prosecution, guilty plea, and conviction. *See* doc. 1 at 7. He alleges that Zon was the district attorney responsible for the prosecution. *See id.* at 5. He also alleges that the charges against him were "false and fraudulent." *See id.* at 7. Since his conviction, Zon has become a judge, who now "is denying every motion that [he] file[s] in order to cover up the [evil] she [has] done to the Plaintiff, [d]epriving [him] of his Constitutional rights." *Id.* at 5. He contends that conduct supports claims for "[f]alse imprisonment, prejudice, [f]alsely [a]ccused, lost wages, slander, bias, deplomation of

carrector [sic], perjury, [i]ndangerment of life, [m]ental stress, deprivation of life[,] liberties[,] and the [pursuit] of happiness, double jeopardy, [and] [d]epriving Plaintiff from burying family members." *Id.* at 6. He seeks "dismissal" of the charges against him, immediate release, and $5,000,000.00 in damages. *Id.*

To the extent that Morgan's claims against Zon implicate her actions as a prosecutor, she is immune. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281. (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case.  A prosecutor is immune for malicious prosecution.  Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Morgan's allegations against Zon, as prosecutor, are limited to her "[p]resenting these [allegedly] false and fraudulent charges to the 'Grand Jury' as if there were factual evidence to support these false and fraudulent charges."  Doc. 1 at 7.  This falls squarely within the actions for which a prosecutor is immune from suit.  Zon is, therefore, immune from claims for damages arising from actions in her capacity as a prosecutor.

To the extent that he alleges claims against Zon in her judicial capacity, judges are also generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349,

4

356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction, *see Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986), and extends to all claims, whether for damages or for injunctive relief, *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Morgan's allegations against Zon in her capacity as a judge are limited to core judicial functions; specifically, her disposition of various motions he filed, including motions to withdraw his guilty plea in the original prosecution. *See* doc. 1 at 7-8. Even crediting Morgan's allegation that Judge Zon's disposition of his motions was improper, given her prosecutorial role, that impropriety does not allege a "clear absence of all jurisdiction." *See, e.g., Overcash v. Shelnutt*, 2017 WL 4278496, at *4 (M.D. Fla. Mar. 27, 2017) ("[A]cting under a conflict of interest does not deprive a judge of absolute judicial immunity," and

collecting cases).  Zon is, therefore, immune from claims for damages arising from actions in her judicial capacity.

To the extent that Morgan's allegations implicate the validity of his continued detention and he seeks immediate release, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").  And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief.  *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

Since Morgan's allegations against Zon are limited to impropriety in her prosecution of his criminal case and fails to allege any action taken

6

"in the clear absence of jurisdiction," in her judicial capacity, she enjoys immunity against Morgan's claims for monetary damages. The only remaining claim in his Complaint, his request for release, is not cognizable under § 1983. Accordingly, his Complaint should be **DISMISSED**.[2]

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $183.33 in average monthly deposits[3] and does not disclose his average monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 7. He, therefore, owes an initial partial filing fee of $36.67. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to

---

[2] Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Morgan's claims do not appear amendable. Nevertheless, Morgan is free to submit an Amended Complaint within the fourteen-day objections period, discussed below, if he believes he can address the defects in his pleading.

[3] The Court notes that the official who completed the form mistakenly disclosed the total deposits where the form sought the average monthly deposits. *See* doc. 7 at 1. The official listed the average monthly deposit instead of the average monthly balance. The attached accounting shows only deposits, preventing the Court from determining the average balance in Morgan's account. *See id.* at 2.

the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.  The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of June, 2022.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA